This case involves a burn injury to plaintiff on 12 August 1988. Former Deputy Commissioner Lawrence Shuping first heard the case on 28 January 1994. On 18 August 1994, Deputy Commissioner Shuping filed an Opinion and Award awarding plaintiff the maximum amount award for serious bodily disfigurement. Deputy Commissioner Shuping further concluded that plaintiff was no longer disabled from his compensable injury when he returned to work for defendant-employer on 2 January 1989, earning his pre-injury wages. Deputy Commissioner Shuping also found that plaintiff's 12 August 1988 injury did not cause or significantly contribute to plaintiff's chronic fatigue or weakness and that plaintiff's condition was not permanently disabling in light of the fact that plaintiff continued to work for defendant-employer.
Plaintiff appealed to the Full Commission on 2 September 1994. On 13 July 1995, former Commissioner Coy M. Vance filed an Opinion and Award for the Full Commission, concluding that plaintiff was permanently and totally disabled as a result of his injury and was entitled to lifetime benefits.
Defendants appealed to the North Carolina Court of Appeals. On 6 August 1996, the Court of Appeals filed an Opinion reversing the Full Commission and remanding the case to the Industrial Commission for further proceedings. See Arrington v. TexfiIndus., 123 N.C. App. 476, 473 S.E.2d 403 (1996). In particular, the Court of Appeals held that plaintiff had failed to show that his custodial position with defendant-employer was "made work," and thus plaintiff's employment was "strong, if not conclusive, evidence" of his earning capacity. 123 N.C. App. at 481. Nevertheless, the Court remanded the case to the Commission for findings and conclusions on whether plaintiff "is physically and mentally capable of performing his custodial duties."Id.
By order filed 26 September 1997, Commissioner Coy M. Vance remanded this case to a Deputy Commissioner for the taking of evidence in accordance with the directive of the Court of Appeals. Deputy Commissioner Hoag heard the evidence and filed the Opinion and Award which is the subject of this appeal.
 * * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. Upon review of the evidence, the Full Commission affirms the Opinion and Award of the deputy commissioner, with some modification.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Plaintiff sustained a compensable injury by accident on 12 August 1988.
4. At the time of the injury by accident, American Policyholders Insurance Company insured defendant-employer.
5. Plaintiff's average weekly wage at all relevant times was $316.28.
6. Plaintiff received compensation, pursuant to a Form 21 Agreement, from 12 August 1988 through 1 January 1989, at a compensation rate of $210.86.
7. Plaintiff returned to work for defendant-employer on 2 January 1989, and has been earning the same or greater average weekly wage that he was receiving at the time of his 12 August 1988 accident.
8. This matter was heard by the North Carolina Court of Appeals on 23 May 1996. The North Carolina Court of Appeals filed an Opinion on 6 August 1996, remanding the case for further findings on whether or not plaintiff is physically and mentally capable of performing his custodial duties.
 * * * * * * * * * * *
Upon review of the evidence, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Hoag, plaintiff was forty-seven years old. He began but did not complete the twelfth grade. He attended an automotive mechanics course for three months at a local technical college. Plaintiff's work experience consists of manual labor, including jobs in farming, unloading fertilizer, and four years experience as a maintenance worker for the city of Rocky Mount.
2. Plaintiff sustained a compensable injury by accident on 12 August 1988. He received burns to the lower half of his body when, while he was mixing sizing used to thicken yarn, chemicals boiled over the side of the mixing vat.
3. Plaintiff received extensive medical treatment. He was twice hospitalized to undergo split thickness skin grafts involving donor sites taken from his thighs. He also developed a squamous cell carcinoma in one of his donor sites requiring him to be hospitalized a third time for its removal.
4. Plaintiff's physician, Dr. H. D. Peterson, released plaintiff to return to a light-duty maintenance position with defendant-employer on 2 January 1989. Plaintiff returned to work as a custodian in the maintenance department on 2 January 1989 and he has continued to be employed in that job. Plaintiff has received several pay raises and now earns a higher average weekly wage than he earned in his pre-injury, chemical-mixer position.
5. Plaintiff's custodial duties include sweeping the floor, mopping, and washing down the floor, blowing off machines and overhead, cutting waste from section beams and loom beams, emptying trash, taking trash to the dumpster, wiping down machines, putting oil solvent around machines, operating a forklift, loading and unloading size barrels, and substituting as a machine operator for operators on break. Plaintiff was on the job and was paid for working 40 to 48 hours per week. Plaintiff was on the job for his entire eight-hour shift on each of his scheduled dates of employment except for a handful of days during the calendar year of 1997.
6. Plaintiff is unable to perform any of his duties without significant periods of rest. He can drive a forklift for only five to ten minutes before his muscles begin to tighten and he needs to stop and rest. He can sometimes mop or sweep for as long as an hour before he has to rest. The same is true of the rest of plaintiff's tasks. He can perform his tasks only for short periods of time before taking rest periods. Plaintiff normally rests for five to ten minutes before he resumes work. Plaintiff is in some pain during most of the time he is working, but he does not complain about it to his employer.
7. Defendant-employer allows plaintiff to take as many breaks as he feels are necessary to complete his work day. Plaintiff is not required to inform any supervisory personnel when he is resting, and there are no time limitations to his breaks.
8. Plaintiff's chronic fatigue and weakness has been diagnosed as neurasthenia, which is causally related to plaintiff's 12 August 1988 injury by accident. Neurasthenia is a nineteenth century term referring to weakness of body and spirit, and is the cause of plaintiff's inability to perform his job tasks without frequent breaks. Dr. Peterson, who thoroughly re-evaluated plaintiff's condition, believes that plaintiff is totally and permanently disabled because of plaintiff's deteriorating physical and emotional condition. Dr. Peterson would be surprised to hear that plaintiff is able to perform his job duties. He has seen plaintiff diminish physically from a strong, muscular physique to an emaciated physique. This wasting is difficult to explain scientifically but is real. Depression appears to be a component to the problem, but there is no indication that plaintiff has requested psychological treatment or that defendants have offered it.
10. At the end of the work day, even after taking many breaks and working at a slow pace, plaintiff is unable to have any semblance of a normal life. He is so fatigued that he usually has something to eat and then goes to bed. Any physical energy he has is expended during the work day.
11. There is no expert testimony that, because of the rest periods plaintiff must take, the custodial position has been modified to the extent that the position, as plaintiff currently performs it, is not available on the open job market, or is "made work." However, the Full Commission finds that plaintiff is not physically and mentally capable of performing the custodial position.
12. Plaintiff has proven by a preponderance of the evidence that as a result of his compensable injury on 12 August 1988, he is physically and mentally incapable of performing work. Even if plaintiff were physically capable of some work, it would be futile for him to seek other employment because of his chronic weakness and fatigue, lack of cognitive and transferable skills, his inability to read or write effectively, and his lack of education. Plaintiff is not capable of performing his custodial job with defendant-employer.
 * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff is permanently and totally disabled. G.S.97-29; Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1993).
3. Plaintiff is not currently due any benefits for his permanent and total disability, because he has not sustained a wage loss. Plaintiff is entitled to receive compensation for his permanent and total disability as soon as he is no longer receiving wages from defendant-employer. G.S. 97-29.
4. Plaintiff continues to be entitled to reasonable and necessary medical expenses arising from his compensable injury during his lifetime. G.S. 97-25.
 * * * * * * * * * * *
Based on the foregoing, the Full Commission enters the following:
 AWARD
1. Subject to reasonable attorney's fees, defendant-employer shall pay plaintiff compensation for total disability, beginning as of the date plaintiff is no longer earning wages with defendant-employer, and continuing for the remainder of his life. Plaintiff's compensation shall be computed according to his average weekly wage at the time of his injury.
2. A reasonable attorney's fee of 25% of the compensation due plaintiff is approved for plaintiff's counsel, and plaintiff's counsel shall receive every fourth check.
3. Defendant-employer shall pay the costs.
 S/ _________________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________ LAURA K. MAVRETIC COMMISSIONER