Disability under the Workers' Compensation Act refers to a diminished capacity to earn money and not a physical infirmity. Peoples v. ConeMills Corp., 316 N.C. 426, 342 S.E.2d 798 (1986). To obtain an award of compensation under the Act, the employee must establish that his injury was incapable of earning the same wages he earned before his injury in the same employment, or any other employment, and that the employee's incapacity to earn wages was caused by his injury. Arrington v. TexfiIndustries, 123 N.C. App. 476, 473 S.E.2d 277 (1996). Disability is markedly different from technical or functional disability. The Employee may meet his burden of proving disability by the production of medical evidence that he is physically or mentally, as a consequence of the injury, incapable of work in any employment or that he is capable of some work but that it would be futile because of preexisting conditions.Russell v. Lowes Product Distribution, 108 N.C. App. 762, 425 S.E.2d 454
(1993).
Additionally, it is the duty of the Industrial Commission to make findings of fact and conclusions of law to determine the issues raised by the evidence in a case before it. Cannady v. Gold Kist, 43 N.C. App. 482,483 (1979). Specific findings covering the crucial questions of fact upon which a plaintiff's right to compensation depends are required . . . and the importance of this responsibility cannot be overstated. Id.
In the case before us, the majority erred in summarily dismissing plaintiff's psychological problems (i.e. depression), by stating in finding of fact No. 33 that, "No doctor or psychiatrist testified that plaintiff's depression was related to an on-the-job injury." Although there may not be specific testimony on point, the record does indeed contain evidence that the plaintiff's depression was work-related. Following his injury, plaintiff was under the psychiatric care of Dr. Jerry Gregory, M.D., a staff psychiatrist at the Neuse Center for Mental Health. Dr. Gregory's medical records clearly indicate that plaintiff sought psychiatric help in dealing with depression arising from pain and difficulties from his work-related injury. (R. p. 281). Moreover, Dr. Gregory attributes the plaintiff's depression as arising out of the injury at work in stating in his medical evaluation that he cannot "affect [plaintiff's] mood problems . . . unless he can feel some greater hopefulness about the back pain that he has been experiencing." (R. p. 284). The Deputy Commissioner summarily concluded that plaintiff's depression is attributable to a prior suicide attempt; however, the record clearly shows that such event was not even discussed by the plaintiff with Dr. Gregory until after several sessions and seven months of psychiatric counseling. (R. p. 289). Dr. Gregory's medical evaluations overwhelmingly show that his sessions with plaintiff were largely centered on plaintiff's depression arising out of his back injury and resulting pain and difficulties. (R. pp. 281-292). Yet, the Deputy Commissioner's Opinion and Award ignored such evidence.
The plaintiff has appealed such error to this Commission and the majority in this case has committed the same error in failing to enter any specific findings in regard to the evidence documenting plaintiff's psychiatric problems as a consequence of his work-related injury. Thus, this Commission has failed in its duty to make specific findings of fact and resulting conclusions of law to determine the issues raised by the evidence in a case before it. Perhaps the majority is merely deferring to the Deputy Commissioner's findings, or lack thereof, in regard to the credibility of plaintiff's psychiatric problems resulting from his work-related injury. However, such idle deference flies in the face of the North Carolina Supreme Court's ruling in Adams v. AVX Corp.,509 S.E.2d 411, 413 (1998), which held that N.C. Gen. Stat. § 97.85 places the ultimate fact finding function with the Commission and not the hearing officer. Id. (emphasis added). It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Id.
Furthermore, while the Commission's duty is to weigh and evaluate the evidence in a case so as to determine the truth in a matter before it, it is well-settled under North Carolina law that the Commission may not wholly disregard or ignore competent evidence. Pittman v. InternationalPaper Co., 132 N.C. App. 151, 156 (1999); Lineback v. Wake County Boardof Commissioners, 126 N.C. App. 678, 680 (1997); Weaver v. American Nat'lCan Corp., 123 N.C. App. 507, 509; Harrell v. J.P. Stevens Co.,Inc., 45 N.C. App. 197, 205 (1980). The majority in this case failed to enter a finding of fact in regard to Dr. Gregory's evaluations of the plaintiff's psychiatric problems. In doing so, the majority has failed to address plaintiff's inability to seek employment absent additional psychiatric care to address plaintiff's depression arising out of his work-related injury.
There is competent evidence of record to establish that the plaintiff in this matter suffers from psychiatric problems attributable to his work-related injury; however, the majority has chosen to ignore such evidence without providing findings of fact as to why such evidence is not credible or should be disregarded. As the ultimate finder of fact, the majority has ignored its duty to make specific findings covering the crucial questions of fact upon which the plaintiff's right to compensation depends. For these reasons, I must respectfully dissent from the majority Opinion and Award.
 S/_____________ THOMAS J. BOLCH COMMISSIONER