THOMAS W. MOSES, Guardian for FRANCES JEAN B. MOSES, Daughter and Next of Kin of GEORGE W. BOONE, Deceased, LOUISBURG, NORTH CAROLINA, v. E. M. BARTHOLOMEW, and W. E. BARTHOLO-MEW, Doing Business as HOME OIL COMPANY; E. M. BARTHOLO-MEW, Individually, Doing Business as BARTHOLOMEW OIL TRANS-PORTATION COMPANY, Employer; TEXTILE INSURANCE COM-PANY, Carrier.

(Filed 2 December, 1953.)

**1. Master and Servant § 52—**

In exercising its authority to find the facts in a proceeding before it, the Industrial Commission is the sole judge of the credibility and weight of the evidence, and may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves same. G.S. 97-84.

**2. Master and Servant § 55d—**

Upon appeal from an award of the Industrial Commission, the courts do not retry the facts, but merely determine whether there was sufficient competent evidence before the commission to support its findings. G.S. 97-86.

**3. Master and Servant § 39f—Evidence held to support finding that part-nership was employer and not separate business owned by one partner alone.**

The evidence tended to show that a fuel oil company had its name on the tractor-tank deceased was employed to drive, that it filed tax returns reciting that deceased was employed by it and paid Federal income and social security taxes deductible from his wages, and furnished deceased a statement thereof. *Held:* The evidence is sufficient to support the finding of the Industrial Commission that deceased was employed by the oil com-pany, notwithstanding evidence offered by defendants that the oil com-pany was a partnership dealing only in the retail of fuel oil and that the tractor-tank was owned and operated as a separate transportation business by one of the partners alone.

APPEAL by defendants E. M. Bartholomew and W. E. Bartholomew, doing business as Home Oil Company, and the defendant Textile Insur-ance Company, from *Burney, J.,* at April Term, 1953, of FRANKLIN.

Proceeding under the North Carolina Workmen's Compensation Act.

For ease of narration, George W. Boone is called the deceased; Frances Jean B. Moses is characterized as the plaintiff; E. M. Bartholomew and W. E. Bartholomew, Partners, doing business as Home Oil Company, are described as the Home Oil Company; and E. M. Bartholomew, individ-ually, doing business as Bartholomew Oil Transportation Company, is designated as the Transportation Company. For like reason the Home Oil Company and its insurance carrier, the Textile Insurance Company. are referred to jointly as the defendants.

Certain matters are not in dispute. They are recounted in the numbered paragraphs set forth below.

· 1. The Home Oil Company, which dealt in petroleum products, maintained its office at Louisburg in Franklin County, North Carolina, where it constantly employed some fifteen persons.

· 2. The Home Oil Company and its employees were subject to the provisions of the North Carolina Workmen's Compensation Act.

3. The Home Oil Company purchased the petroleum products in which it dealt from the Atlantic Refining Company at Wilmington, North Carolina.

4. The petroleum products so purchased by the Home Oil Company were transported from Wilmington to distribution centers in Greenville, Jacksonville, Louisburg, Smithfield, Washington, and Wilson, North Carolina, in three tractor-tank combinations, which were not used for any other purpose. Each combination was regularly driven by the same driver.

5. The deceased, who resided in Louisburg, was the regular driver of one of the tractor-tank combinations for a period of at least a year next preceding his fatal accident.

6. On 19 October, 1951, the deceased undertook to haul a load of gasoline bought by the Home Oil Company from the Atlantic Refining Company from Wilmington to the distribution center at Jacksonville in the tractor-tank combination of which he was the regular driver.

7. While en route from Wilmington to Jacksonville, the tractor-tank combination was accidentally overturned and burned. As a consequence, the deceased suffered horrible burns, which produced his death about ten hours later.

8. The deceased left neither whole nor partial dependents. He was survived, however, by the plaintiff, a minor daughter, who is his sole next of kin within the purview of the statute embodied in G.S. 97-40.

The plaintiff, acting through her general guardian, Thomas W. Moses, brought this proceeding before the North Carolina Industrial Commission to obtain compensation from the defendants for the death of the deceased. She alleged in her claim that the deceased was employed by the Home Oil Company to drive the tractor-tank combination, and that he died as the result of personal injuries sustained by him by reason of an accident arising out of and in the course of his employment by it.

The defendants did not gainsay that the deceased died as the result of personal injuries sustained by him by reason of an accident arising out of and in the course of his employment. They denied liability for compensation on account of his death upon the theory that at the time he received the injuries from which he died, the deceased was an employee

of the Transportation Company, and not an employee of the Home Oil Company.

Both sides offered testimony before the hearing commissioner consistent with the matters stated in the numbered paragraphs.

The plaintiff was a witness in her own behalf. She also put two of the brothers of the deceased on the stand. These three witnesses testified in express terms that the Home Oil Company hired the deceased to drive the tractor-tank combination involved in the fatal accident during all the times in controversy in this proceeding.

The plaintiff presented additional evidence before the hearing commissioner tending to establish these facts: The tractor driven by the deceased had the name "Home Oil Company" on its left door, and the tank pulled by it bore the words "Home Oil Company, Louisburg, North Carolina," on its rear. While the deceased was the regular driver of the tractor-tank combination, the Home Oil Company kept records in compliance with Federal tax laws, reciting that the deceased was employed by it, and showing the amount of wages paid by it to him for his services. During the same time, the Home Oil Company filed with the United States Collector of Internal Revenue for the District of North Carolina tax returns reciting that the deceased was employed by it and showing the sums withheld by it from his wages for federal income and social security tax purposes, and paid these sums together with the amounts of federal social security taxes for which it was liable as the employer of the deceased to such Collector of Internal Revenue by means of checks bearing these notations: "For Home Oil Co. S. S. & W. H. Taxes." On or before 31 January, 1951, the Home Oil Company furnished to the deceased for his use in filing his Federal income tax return copies of a statement on Form W-2 showing that the Home Oil Company employed the deceased during 1950, that it paid him wages totaling $1,124.50 for his services to it during 1950, and that it withheld $40.00 from such wages for income tax purposes during 1950. As the deceased lay dying of his burns in a hospital at Wilmington, his attending physician "asked him who he was driving for, and he said Home Oil Company, of Louisburg." Although the Transportation Company allegedly maintained its headquarters in the office of the Home Oil Company at Louisburg, witnesses for the plaintiff, who possessed familiarity with the affairs and office of the Home Oil Company, "didn't know there was a company in Louisburg by the name of Bartholomew Oil Transportation Company." Moreover, the Transportation Company did not return any property for taxation in Franklin County, and did not pay any taxes to the Town of Louisburg or Franklin County.

The only avowed witness for the defendants was E. M. Bartholomew, a partner in the Home Oil Company. They had, however, the benefit of

the testimony of B. S. Downey, the bookkeeper of the Home Oil Company, whom the plaintiff was compelled to call to the stand to identify certain tax returns.

These two witnesses gave testimony to this effect: The Home Oil Company was a partnership conducted by E. M. Bartholomew and W. E. Bartholomew, and the Transportation Company was an individual business operated by E. M. Bartholomew alone. The Transportation Company owned the three tractor-tank combinations, and hired the deceased and the other two regular drivers to operate them. Pursuant to oral contracts between it and the Home Oil Company, the Transportation Company used the tractor-tank combinations solely to haul the petroleum products bought by the Home Oil Company from the Atlantic Refining Company from Wilmington to the distribution centers at Greenville, Jacksonville, Louisburg, Smithfield, Washington, and Wilson. Although there was no external indication of such fact, the Transportation Company maintained its headquarters in the office of the Home Oil Company at Louisburg, and employed B. S. Downey, the bookkeeper of the Home Oil Company, to keep its records. Since the deceased was the employee of the Transportation Company, the plaintiff was not entitled to compensation from the Home Oil Company and its insurance carrier; and since the Transportation Company had only four employees, the plaintiff was not entitled to compensation from it.

E. M. Bartholomew denied that the Transportation Company was a mere fictitious bookkeeping scheme designed to enable the Home Oil Company to circumvent the workmen's compensation law, and evade the payment of the high premiums charged for workmen's compensation insurance coverage for employees engaged in the hazardous occupation of transporting gasoline. He conceded, however, that there was no way in which "the average individual" could tell the Transportation Company from the Home Oil Company, and that the Home Oil Company declared in its tax returns to the Federal Government that the deceased and the other two drivers were employees of the Home Oil Company. He explained that the Transportation Company was established after the Home Oil Company, and that "the Revenue Agent" advised the Home Oil Company to include the names of the Transportation Company's employees in its tax returns "rather than start up a new company in the Revenue Department."

The hearing commissioner made findings of fact in specific detail to the effect that the deceased was an employee of the Home Oil Company at the time in controversy, and that he died as the result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by the Home Oil Company. The hearing commissioner concluded as a matter of law that the plaintiff was entitled to com-

pensation from the Home Oil Company and its insurance carrier on account of the death of the deceased, and entered an award accordingly. An application was then made by the defendants for a review by the full commission. Upon its review, the full commission adopted as its own the findings of fact and conclusions of law of the hearing commissioner, and entered a corresponding award in favor of the plaintiff. The defendants thereupon appealed from the full commission to the Superior Court, and the Superior Court rendered a judgment affirming the decision of the full commission. The defendants excepted to this judgment and appealed from it to the Supreme Court, assigning errors.

*Hamilton Hobgood and Yarborough & Yarborough for plaintiff, appellee.*

*Charles P. Green and Smith, Sapp, Moore & Smith for defendants, appellants.*

ERVIN, J.   The assignments of error present this question for decision: Is the finding of fact of the full commission that the deceased was an employee of the Home Oil Company at the time he received the personal injuries from which he died supported by competent evidence?

The following rules are well settled in respect to proceedings coming within the purview of the North Carolina Workmen's Compensation Act:

1. Full fact-finding authority is vested in the industrial commission. G.S. 97-84. In exercising this authority, the industrial commission, like any other trier of facts, is the sole judge of the credibility and weight of the evidence. *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515. As a consequence, it may accept or reject the testimony of a witness, either in whole or in part, depending solely upon whether it believes or disbelieves the same. *Anderson v. Motor Co.,* 233 N.C. 372, 64 S.E. 2d 265.

2. When the party aggrieved appeals to court from a decision of the full commission on the theory that the underlying findings of fact of the full commission are not supported by competent evidence, the court does not retry the facts. The court merely determines from the proceedings had before the commission whether there was sufficient competent evidence before the commission to support the findings of fact of the full commission. This is necessarily so because under the statute codified as G.S. 97-86, the findings of fact of the full commission are conclusive on appeal, both in the Superior Court and in the Supreme Court, if they are supported by competent evidence. *Henry v. Leather Co., supra; Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869.

When all is said, the case comes to this: The evidence invoked by the plaintiff and that relied on by the defendants are irreconcilable. The industrial commission accepted the testimony invoked by the plaintiff and rejected that relied on by the defendants because it believed the former and disbelieved the latter. In so doing, the industrial commission merely fulfilled its fact-finding function.

The evidence invoked by the plaintiff and accepted by the industrial commission amply supports the findings of fact of the full commission. This would be true even if the dying declaration of the deceased and the testimony given by the plaintiff in person should be adjudged incompetent and eliminated from consideration for that reason. Moreover, the findings of fact justify and require the conclusions of law and the award of the full commission.

For these reasons, the judgment of the Superior Court affirming the decision of the full commission is

Affirmed.