WILLIE B. JOHNSON, Employee, Plaintiff-Appellee v. SOUTHERN TIRE SALES AND SERVICE, Employer, CASUALTY RECIPROCAL EXCHANGE, Carrier, Defendant-Appellants

No. COA01-917

(Filed 20 August 2002)

**1. Workers' Compensation— refusal of suitable employment—sufficiency of evidence**

The Industrial Commission did not err in a workers' compensation action by concluding that plaintiff had cooperated with vocational rehabilitation where defendants contended that plaintiff refused suitable employment but produced no evidence of any actual refusal. The only evidence defendants offered to support plaintiff's ability to obtain employment was the opinion of a vocational rehabilitation specialist, but the Industrial Commission specifically found that it gave more weight to a doctor's opinion about plaintiff's limitations.

**2. Appeal and Error— assignment of error—lack of supporting authority**

An assignment of error without supporting authority was deemed abandoned.

**3. Workers' Compensation— temporary total disability—evidence of continued disability**

The Industrial Commission did not err in a workers' compensation case by awarding plaintiff temporary total disability after maximum medical improvement where there was competent evidence to support a finding that plaintiff remained disabled.

JOHNSON v. SOUTHERN TIRE SALES & SERV.

[152 N.C. App. 323 (2002)]

**4. Workers' Compensation— objection at hearing—no ruling**

There was no prejudicial error in a workers' compensation proceeding where the Industrial Commission did not rule specifically on an objection. However, it is the better practice for the Commission to always formally enter its rulings on objections.

**5. Workers' Compensation— medical expenses—time limits**

The Industrial Commission's conclusion that defendants should pay all of plaintiff's related medical expenses, as required by N.C.G.S. § 97-25.1, was not overly broad in that it did not set a time limit. The employer had not made its last medical compensation payment and the statute of limitations had not begun to run. Furthermore, the parameters of N.C.G.S. § 97-2(19) were inherent in the Industrial Commission's award and defendants were not required to pay more than that statute provides.

Judge TYSON dissenting.

Appeal by defendants from opinion and award entered 6 February 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 20 May 2002.

*Schiller Law Firm, L.L.P., by Marvin Schiller and David G. Schiller, for plaintiff-appellee.*

*Young Moore and Henderson P.A., by Joe E. Austin, Jr. and Dawn Dillon Raynor, for defendant-appellants.*

McGEE, Judge.

Willie B. Johnson (plaintiff) sustained a compensable injury to his back while employed at Southern Tire Sales and Service on 24 October 1996. Plaintiff was using a long iron pry bar while replacing a lower ball joint when the pry bar slipped. Defendants issued a form 63 payment of compensation and did not deny the claim within the 120-day time limitation provided in N.C. Gen. Stat. § 97-18 (1999). Plaintiff continued to work without seeking medical treatment until 27 November 1996, when plaintiff saw Dr. Bernard Bennett (Dr. Bennett).

Dr. Michael Gwinn (Dr. Gwinn) saw plaintiff on 12 March 1997. Dr. Gwinn stated plaintiff suffered from chronic mechanical back pain related to lumbar degenerative disk disease. After a meeting with plaintiff on 1 May 1998, Dr. Gwinn testified the pain plaintiff reported

was greater than the objective tests would indicate. Dr. Gwinn discontinued his treatment of plaintiff on 1 May 1998, stating he could no longer treat plaintiff due to plaintiff's attorney's involvement. Plaintiff returned to Dr. Bennett.

Plaintiff began treatment with Dr. Charles A. Cook (Dr. Cook) on 13 July 1998. Dr. Cook testified that on this date plaintiff could not perform any physical activity that would require standing or sitting for periods of more than twenty minutes, bending or squatting, or lifting more than five pounds. Dr. Cook continued to be plaintiff's treating physician through the time of the hearing.

Plaintiff saw Dr. William Lestini (Dr. Lestini), a spinal surgeon, on 6 October 1998. Dr. Lestini made a presumptive diagnosis of symptomatic painful disc disease.

Plaintiff began meeting with Ronald Alford (Alford), a certified vocational rehabilitation specialist, in August 1997. Alford testified plaintiff repeatedly insisted he could not return to work, not only to Alford, but also to potential employers with whom plaintiff met. Alford secured approximately twelve job leads for plaintiff, but plaintiff was not offered a job by any of these employers.

A deputy commissioner entered an opinion and award in favor of defendants on 27 April 2000. The Industrial Commission reversed the deputy commissioner's decision in an opinion and award entered on 6 February 2001. The Industrial Commission awarded plaintiff ongoing total disability, all medical expenses incurred by plaintiff as a result of the 24 October 1996 injury, and approved Dr. Cook as plaintiff's treating physician. Defendants appeal from this opinion and award.

I.

[1] Defendants first argue the Industrial Commission erred in concluding that plaintiff cooperated with vocational rehabilitation and is entitled to ongoing total disability. Defendants contend the Industrial Commission did not consider all of the pertinent and relevant evidence. We disagree.

On an appeal from an opinion and award from the Industrial Commission, the standard of review for this Court "is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v.*

*Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000). "The facts found by the Commission are conclusive upon appeal to this Court when they are supported by competent evidence, even when there is evidence to support contrary findings." *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709, *aff'd*, 351 N.C. 42, 519 S.E.2d 524 (1999). Furthermore, the " 'findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)).

The Industrial Commission made several relevant findings of fact:

14. Plaintiff has made a reasonable effort to locate suitable employment on his own and through leads provided to him by Mr. Alford since he was first medically removed from work by Dr. Adomonis on 27 January 1997.

. . .

18. Because no job was ever offered to plaintiff, it cannot be found that he unjustifiably refused suitable employment.

. . .

20. Dr. Gwinn's opinion that plaintiff had "likely" reached maximum medical improvement is not given weight. This is so because it is clear from the evidence that plaintiff continues to experience debilitating pain as the result of his 24 October 1996 injury by accident.

21. The Full Commission gives greater weight to the testimony and opinions of Dr. Cook as opposed to testimony and opinions of Dr. Gwinn and Mr. Alford.

After a careful review of the record, we find these findings of fact are supported by competent evidence in the record. Defendants point this Court to no specific finding of fact that is without supporting evidence. Defendants contend plaintiff refused suitable employment, but they produce no evidence of any actual refusal. Defendants merely argue the Industrial Commission *could have* reached such a conclusion based on the rule of law that capacity to earn wages can be based on an employee's ability to be hired if the employee had diligently sought work. However, the only evidence defendants offer to support plaintiff's ability to diligently seek and obtain employment is

the "opinion" of Alford. The Industrial Commission specifically found that it gave less weight to the opinions of Alford and Dr. Gwinn, as opposed to Dr. Cook's opinion. Defendants merely want this Court to weigh the opinions and testimony of the witnesses in a manner which benefits defendants. On an appeal from the Industrial Commission, this Court is unable to weigh evidence.

"Before making findings of fact, the Industrial Commission must consider *all* of the evidence. The Industrial Commission may not discount or disregard any evidence, but may choose not to believe the evidence *after* considering it." *Weaver v. American National Can Corp.*, 123 N.C. App. 507, 510, 473 S.E.2d 10, 12 (1996) (emphasis in original). We stress the Industrial Commission

"is the sole judge of the credibility of the witnesses and the weight to be given their testimony." Thus, the Commission may assign more weight and credibility to certain testimony than other. Moreover, if the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commission is conclusive on appeal.

*Dolbow v. Holland Industrial*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 651 (1984) (quoting *Anderson v. Lincoln Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). This assignment of error is without merit.

II.

[2] Defendants next argue the Industrial Commission erred in placing any weight on Dr. Cook's opinion and in designating Dr. Cook as plaintiff's treating physician. However, defendants have failed to point to any citations of authority to support their argument. Our appellate rules require that arguments of appellants "contain citations of the authorities upon which the appellant relies." N.C.R. App. P. 28 (b)(5). Defendants have failed to cite any supporting authority in this argument; therefore, we deem this assignment of error abandoned. *See State v. Thompson*, 110 N.C. App. 217, 222, 429 S.E.2d 590, 592 (1993).

III.

[3] Defendants next argue the Industrial Commission erred by awarding plaintiff temporary total disability benefits after maximum medical improvement and in spite of competent evidence that plaintiff is no longer disabled.

As discussed above in Section I, there is competent evidence in the record to support the Industrial Commission's finding that plaintiff is disabled and unable to find suitable employment.

Defendants further contend the Industrial Commission erred in finding that "Dr. Gwinn's opinion that plaintiff had 'likely' reached maximum medical improvement is not given weight. This is so because it is clear from the evidence that plaintiff continues to experience debilitating pain as a result of his 24 October 1996 injury by accident." Defendants contend both Dr. Gwinn and Dr. Cook determined plaintiff had reached maximum medical improvement, and, as a result, the Industrial Commission could not award temporary disability as a matter of law. However, this Court has held it is not an error as a matter of law to award temporary total disability after an employee reaches maximum medical improvement. *Russos v. Wheaton Indus.*, 145 N.C. App. 164, 167, 551 S.E.2d 456, 459 (2001), *disc. review denied*, 355 N.C. 214, 560 S.E.2d 135 (2002). Once a plaintiff establishes a disability, "a presumption of disability attaches in favor of the employee." *Saums v. Raleigh Community Hospital*, 346 N.C. 760, 763, 487 S.E.2d 746, 749 (1997). A finding of maximum medical improvement is not sufficient to overcome the presumption of disability.

> A finding of maximum medical improvement is not the equivalent of a finding that the employee is able to earn the same wage earned prior to injury and does not satisfy the defendant's burden . . . .
>
> After a finding of maximum medical improvement, the burden remains with the employer to produce sufficient evidence to rebut the continuing presumption of disability; the burden does not shift to the employee.

*Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 330-31, 477 S.E.2d 197, 203 (1996). In the case before us, the Industrial Commission found plaintiff remained disabled, and there is competent evidence to support such a finding. Defendants' argument concerning the Industrial Commission's ability to award temporary total disability is misplaced. We overrule this assignment of error.

IV.

[4] Defendants next argue the Industrial Commission erred in failing to rule upon a specific objection and ordering defendants to pay all medical expenses incurred by plaintiff.

**JOHNSON v. SOUTHERN TIRE SALES & SERV.**

[152 N.C. App. 323 (2002)]

Defendants cite *Ballenger v. Burris Industries*, 66 N.C. App. 556, 562, 311 S.E.2d 881, 885 (1984), for the rule of law that "the hearing commissioner . . . must formally enter his or her ruling into the record before making the award." However, defendants point this Court to no showing of prejudice to defendants as a result of the Industrial Commission's omission. While we stress the better practice is for the Industrial Commission to always formally enter its rulings on a party's objection, we determine the Industrial Commission's failure to rule specifically on the objection in the case before us did not prejudice defendants.

[5] Additionally, defendants argue the Industrial Commission's conclusion that defendants were obligated to pay "for all related medical expenses incurred" is overly broad because it does not set a time limit, and the Industrial Commission did not limit the award to the precise definition articulated in N.C. Gen. Stat. § 97-2(19).

N.C. Gen. Stat. § 97-25.1 (1999) sets a two-year statute of limitation after the employer's last payment. In the case before us, the employer has not made its last medical compensation payment; therefore, the statute of limitations has not begun to run. Furthermore, the Industrial Commission required defendants to pay medical expenses, and cited N.C.G.S. § 97-25. Inherent in the Industrial Commission's award granted pursuant to N.C.G.S. § 97-25 is that the compensation will incorporate the parameters of N.C. Gen. Stat. § 97-2(19) (1999). Defendants were not required in the award to pay more than N.C. Gen. Stat. § 97-2(19) provides. We dismiss this assignment of error.

We affirm the award of the Industrial Commission.

Affirmed.

Chief Judge EAGLES concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge, dissenting.

The Industrial Commission ("Commission") applied the incorrect legal standard and failed to consider the totality of the evidence. The record does not contain competent evidence to support the Commission's finding and conclusion that plaintiff cooperated with the rehabilitation efforts of defendants and did not constructively

refuse suitable employment. *Moses v. Bartholomew*, 238 N.C. 714, 718, 78 S.E.2d 923, 926 (1953) (This Court "merely determines from the proceedings had before the commission whether there was sufficient competent evidence before the commission to support the findings of fact of the full commission.") I respectfully dissent.

## I.  Facts

Defendants filed a Form 24, Application to Terminate or Suspend Payment of Compensation, seeking to suspend compensation to plaintiff on the ground that plaintiff was not cooperating with efforts at rehabilitation. The Special Deputy Commissioner was unable to make a determination on the Form 24 from the documentation provided by both parties. Defendants then filed a Form 33, Request for Hearing, to determine whether plaintiff had failed to cooperate with efforts at rehabilitation. Plaintiff filed a Form 33, Request for Hearing, and defendants filed a Form 33R, Response to Request for Hearing, to determine whether plaintiff was totally and permanently disabled. The Deputy Commissioner granted defendants' request to suspend payment of compensation to plaintiff pursuant to N.C.G.S. § 97-25. The Commission reversed, with one commissioner dissenting, and awarded plaintiff temporary total disability.

## II.  Burden of Proof

A claimant who asserts entitlement to compensation under N.C.G.S. § 97-29 has the burden of proving that, as a result of the injury arising out of and in the course of employment, he is *totally* unable to "earn wages which . . . [he] was receiving at the time [of injury] in the same *or any other employment.*" *Burwell v. Winn-Dixie Raleigh*, 114 N.C. App. 69, 73, 441 S.E.2d 145, 149 (1994) (quoting *Tyndall v. Walter Kidde Co.*, 102 N.C. App. 726, 730, 403 S.E.2d 548, 550, *disc. review denied*, 329 N.C. 505, 407 S.E.2d 553 (1991)) (emphasis added). Defendants admitted liability and compensability by failing to accept or deny the claim within the statutory period after filing a Form 63. *See Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 159, 542 S.E.2d 277, 281 (2001).

Once a plaintiff has established a compensable injury, "there is a presumption that disability lasts until the employee returns to work and likewise a presumption that disability ends when the employee returns to work at wages equal to those he was receiving at the time his injury occurred." *Watkins v. Motor Lines*, 279 N.C. 132, 137, 181 S.E.2d 588, 592 (1971) (citing *Tucker v. Lowdermilk*, 233 N.C. 185, 63 S.E.2d 109 (1951)).

JOHNSON v. SOUTHERN TIRE SALES & SERV.

[152 N.C. App. 323 (2002)]

Once disability is established, "the employer has the burden of producing evidence to rebut the claimant's evidence." *Burwell*, 114 N.C. App. at 73, 441 S.E.2d at 149. The employer must " 'come forward with evidence to show not only that suitable jobs are available, *but also that the plaintiff is capable of getting one*, taking into account both physical and vocational limitations.' " *Id.* (quoting *Kennedy v. Duke Univ. Med. Center*, 101 N.C. App. 24, 33, 398 S.E.2d 677, 682 (1990) (emphasis in *Burwell*)). " 'There is a presumption that [the employee] will eventually recover and return to work.' " *Effingham v. Kroger Co.*, —— N.C. App. ——, ——, 561 S.E.2d 287, 294 (2002) (quoting Leonard T. Jernigan, Jr., *North Carolina Workers' Compensation Law and Practice*, § 12-1 at 89 (3d ed.1999)). "[T]he employee must make reasonable efforts to go back to work or obtain other employment." *Id.*

"A 'suitable' job is one the claimant is capable of performing considering his age, education, physical limitations, vocational skills, and experience." *Burwell*, 114 N.C. App. at 73, 441 S.E.2d at 149 (citing *Trans-State Dredging v. Benefits Review Bd.*, 731 F.2d 199, 201 (4th Cir. 1984)). A plaintiff is " 'capable of getting' a job if 'there exists a reasonable likelihood . . . that he would be hired if he diligently sought the job.' . . . If the employer produces evidence that there are suitable jobs available which the claimant is capable of getting, the claimant has the burden of producing evidence that either contests the availability of other jobs or his suitability for those jobs, or establishes that he has unsuccessfully sought the employment opportunities located by his employer." *Id.* at 73-74, 441 S.E.2d at 149 (quoting *Tyndall*, 102 N.C. App. at 732, 403 S.E.2d at 551).

In this case, defendants presented substantial competent evidence that several suitable jobs were available within plaintiff's "locality," for which plaintiff was qualified and capable to perform. Ronald Alford, a certified rehabilitation counselor and expert in the field of vocational rehabilitation, testified that based on the medical restrictions assigned by Dr. Gwinn, plaintiff's physical limitations, and plaintiff's vocational background, there are full-time and part-time jobs available in packaging, assembly, benchwork, and security occupations that plaintiff is capable of performing which would pay plaintiff anywhere from $5.15 to $10.65 per hour. Mr. Alford identified approximately twelve jobs that were available, including Capital Vacuum, Firetrol, Burns Security, John West Auto Service, Manpower, Powertemp, Watchdog Alarm, Clark Paving, and Johnston County Industries. Mr. Alford testified that plaintiff either: (1) had failed to

contact the employer, (2) told the employer he did not think that he could work, or (3) had informed the employer that he was in so much pain. Upon this showing, the burden of proof shifted to plaintiff to produce evidence that "either contests the availability of other jobs or his suitability for those jobs, or establishes that he has unsuccessfully sought the employment opportunities located by his employer." *Id.*

During his testimony, plaintiff was unable to identify which employers he actually applied with, stating that "I contact who Ron [Alford] asks me to contact." Plaintiff also testified that he failed to contact the Employment Security Commission, Manpower, or Power Temp Services as recommended by Mr. Alford. Additionally, plaintiff testified before the Deputy Commissioner that he failed to keep an appointment with Johnston County Industries because he could not drive that far. However, plaintiff also testified in an affidavit that he would not attend the Johnston County Industries appointment "because I was fearful of jeopardizing my award for social security disability."

Dr. Gwinn, a board certified physical medicine rehabilitation specialist and trained to assess disabilities and determine work restrictions, testified that in his opinion plaintiff was employable within light to medium duty work with lifting restrictions of fifteen to twenty pounds, with avoidance of frequent bending and twisting, and with the ability to make postural changes as needed. Similarly, Dr. Lestini, an expert in orthopedic surgery, testified that in his opinion plaintiff was employable within light to medium duty work and that it would be beneficial for plaintiff to "find[ ] some type of work that he can tolerate" to condition his back.

Dr. Cook, who specializes in internal medicine and kidney disease, began treating plaintiff after plaintiff falsely informed him that Dr. Gwinn was no longer in practice. Dr. Cook opined that plaintiff was unable to perform any level of physical activity that would require standing or sitting for more than twenty minutes, bending, squatting, or lifting more than five pounds. In summary, all expert witnesses agreed that plaintiff was capable of performing some level of work with limitations, and the employer showed that jobs were available that met the work restrictions.

The Commission found the following relevant facts:

12. Mr. Alford located approximately twelve (12) job leads for plaintiff who attended many interviews. However, *no job was*

**JOHNSON v. SOUTHERN TIRE SALES & SERV.**

[152 N.C. App. 323 (2002)]

*ever officially offered to plaintiff* due to his physical condition and restrictions resulting from his 24 October 1996 compensable injury. Furthermore, in no manner were plaintiff's actions regarding these job leads inappropriate and he did not constructively refuse suitable employment.

. . . .

18. *Because no job was ever offered to plaintiff, it cannot be found that he unjustifiably refused suitable employment.*

19. Plaintiff's pain is constant and severe.

20. Dr. Gwinn's opinion that plaintiff had "likely" reached maximum medical improvement is not given weight. This is so because it is clear from the evidence that plaintiff continues to experience debilitating pain as the result of his 24 October 1996 injury by accident.

21. The Full Commission gives greater weight to the testimony and opinions of Dr. Cook as opposed to testimony and opinions of Dr. Gwinn and Mr. Alford.

(Emphasis supplied).

The Commission applied the incorrect legal standard in finding that plaintiff did not constructively refuse suitable employment because no job was ever offered. The legal standard is not whether a job was actually offered, but whether suitable jobs are available and whether plaintiff is capable of getting one. *Burwell*, 114 N.C. App. at 74, 441 S.E.2d at 149 (1990) (citing *Tyndall v. Walter Kidde Co.*, 102 N.C. App. 726, 732, 403 S.E.2d 548, *551, disc. review denied*, 329 N.C. 505, 407 S.E.2d 553 (1991)). *"It is not necessary . . . that the employer show that some employer has specifically offered plaintiff a job." Id.* (Emphasis supplied). Defendants clearly met their burden, and plaintiff has failed to prove that suitable jobs were unavailable and that he diligently sought the employment opportunities located by his employer.

Plaintiff made false statements not only during his testimony at the hearing, but also lied to Dr. Cook concerning the reason why he was no longer being treated by Dr. Gwinn. The Commission's reasoning regarding Dr. Gwinn's testimony that plaintiff had "likely" reached maximum medical improvement is also inconsistent. Dr. Cook opined that plaintiff had reached maximum medical improvement. All expert medical testimony concurred that plaintiff had attained maximum

medical improvement. There is insufficient competent evidence to support the Commission's conclusions. We review de novo the Commission's conclusions of law. *Grantham v. R.G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), *disc. review denied*, 347 N.C. 671, 500 S.E.2d 86 (1998).

The Commission fails to disclose the reason it gave greater weight to the testimony and opinions of Dr. Cook. The Commission also failed to resolve the inconsistency between Dr. Lestini's opinion, which was consistent with that of Dr. Gwinn and that of Dr. Cook. The Commission's finding implies that it gave greater weight to plaintiff's self-serving testimony than either the expert testimony of Dr. Cook, Dr. Gwinn, Dr. Lestini, and Mr. Alford. It is well settled that the authority to find facts is vested in the Commission, and like any other trier of facts, the Commission is the sole judge of the credibility and weight of the evidence. *Moses*, 238 N.C. at 718, 78 S.E.2d at 926 (citations omitted).

However, the Commission is not free to utterly ignore all competent evidence, properly admitted, nor is the Commission free to not adjudicate between conflicting competent evidence. Our standard of review, although narrow, does not prohibit this Court from requiring the Commission to exercise its statutory function and to base and render its opinions on all competent evidence properly admitted into the record for its consideration.

The majority's opinion mechanically recites the "standard of review" and feels constrained to defer to the Commission's findings of fact and conclusions of law, even where the Commission's decision reflects that it applied the incorrect legal standard, ignored properly admitted expert testimony, and failed to resolve conflicting evidence in the record.

As the Commission committed errors of law, I would reverse the Opinion and Award of the Commission. I respectfully dissent.