WILLIAM TAYLOR WHITE, EMPLOYEE-PLAINTIFF, APPELLEE v. BATTLEGROUND VETERINARY HOSPITAL, EMPLOYER; AND GREAT AMERICAN INSURANCE COMPANY, CARRIER, DEFENDANTS, APPELLANTS

No. 8210IC676

(Filed 21 June 1983)

**Master and Servant § 60.2— workers' compensation—injury while crossing street on personal errand**

    Injuries sustained by plaintiff, an animal hospital worker, when he was struck by a hit and run driver while crossing the street in front of defendant employer's place of business after having purchased a newspaper during his working hours did not arise out of and in the course of plaintiff's employment where the evidence showed that plaintiff's errand was strictly personal and that the newspaper was to be used by defendant's employees on their break time.

APPEAL by defendants from the Industrial Commission. Opinion and award entered 24 February 1982. Heard in the Court of Appeals 10 May 1983.

Plaintiff sought workers' compensation benefits for injuries he sustained when he was struck by a hit and run driver while crossing the street in front of defendant employer's place of business.

The evidence before the Industrial Commission showed the following pertinent facts. Plaintiff was employed by defendant in defendant's animal hospital. His duties included caring for the animals, cleaning and performing maintenance work. It was plaintiff's duty to open the hospital at five o'clock a.m. and to perform his duties alone until his co-workers began to arrive at seven-thirty a.m. While plaintiff was working alone between five and seven-thirty, he would receive animals delivered early by their owners for treatment.

Plaintiff testified that on the morning of his injury, he "caught up [his] work" at approximately seven a.m. Since no one was coming in with an animal and he "had nothing special to do right then," he went across the street to get a newspaper from a vending machine where he and his co-workers customarily purchased a paper. According to plaintiff, the employees would read the paper during coffee breaks. Plaintiff purchased a newspaper with his own money and began to return to the animal hospital, crossing Battleground Avenue, the street in front of defendant's work premises. As plaintiff was about to set his foot upon his employer's driveway and while his foot was in the "airspace" above defendant's premises, he was struck by a motorcycle and knocked into the street, sustaining injuries.

Plaintiff crawled out of the street and waited on an ambulance that a passerby had called. Plaintiff asked a bystander to go and lock the door to the hospital because he had left the door unlocked and the building unattended. After the ambulance arrived and plaintiff was placed inside it, Kay Bernard, the hospital receptionist, arrived and spoke with plaintiff. Plaintiff gave the newspaper to Bernard telling her that he had no more use for it and that the animal hospital employees could read it. Bernard testified that almost every day one of the employees would purchase a newspaper and that she was in the habit of checking the lost

and found section of the classified ads for animals in order to help hospital clients. She further testified that if the purchaser of the newspaper did not take it home, it would be used in the animal cages. Dr. Harling, plaintiff's employer, testified that in the past there had been a morning paper delivered to his work place but that practice had ceased. He knew that plaintiff purchased a newspaper from time to time and approved of the practice, as the employees used the paper primarily on their breaks. Dr. Harling did not ask plaintiff to buy newspapers and he did not reimburse him for them, but he did not require him to punch out when he went to buy one.

The parties stipulated that plaintiff's injury was caused by an accident. On the evidence, a majority of the Commission found, *inter alia,* that plaintiff was partially on and partially off his employer's premises at the time of the accident; that he went to get the newspaper for the "dual purpose of reading it and using it in their employment;" that the newspaper was to be used for keeping up with lost and found advertisements and in the animal cages; and that plaintiff's employer "approved [of] the employees' custom of getting a newspaper each day for the dual purpose of informing themselves and advancing the interest of his business." Based upon its findings and the stipulations, a majority of the Commission concluded that the accident arose out of and in the course of plaintiff's employment with defendant and awarded plaintiff compensation. One commissioner dissented. Defendants appealed from the opinion and award.

*Joseph P. Shore; and Smith, Moore, Smith, Schell & Hunter, by Richmond G. Bernhardt, Jr., for plaintiff.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Richard T. Rice, for defendants.*

WELLS, Judge.

Defendants' appeal raises the question of whether the Commission properly found and concluded that plaintiff's injury was caused by an accident arising out of and in the course of his employment with defendant employers.

On appeal from the Industrial Commission, the findings of the Commission are conclusive if supported by competent evi-

dence and when the findings are so supported, appellate review is limited to review of the Commission's legal conclusions. *Walston v. Burlington Industries*, 304 N.C. 670, 285 S.E. 2d 822 (1982); *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). Findings of fact may be set aside by the appellate court only when there is no competent evidence to support them. *Click v. Freight Carriers*, 300 N.C. 164, 265 S.E. 2d 389 (1980).

In its recent decision in *Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 293 S.E. 2d 807 (1982), our Supreme Court recited the law that dictates our approach in the present case as follows:

"Whether an injury arose out of and in the course of employment is a mixed question of law and fact, and where there is evidence to support the Commissioner's findings in this regard, we are bound by those findings." *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E. 2d 676, 678 (1980). An appellate court is, therefore, justified in upholding a compensation award if the accident is "fairly traceable to the employment as a contributing cause" or if "any reasonable relationship to employment exists." *Kiger v. Service Co.*, 260 N.C. 760, 762, 133 S.E. 2d 702, 704 (1963). In other words, compensability of a claim basically turns upon whether or not the employee was acting for the benefit of his employer "to any appreciable extent" when the accident occurred. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 452, 85 S.E. 2d 596, 600 (1955).

Some risk inherent to the employment must be a contributing proximate cause of the accident and the risk must be enhanced by the employment and one to which the worker would not have been equally exposed to apart from the employment. *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E. 2d 529 (1977).

When the employee is injured during a "special errand" undertaken in the furtherance of the employer's business interests, he is entitled to compensation notwithstanding the fact that he is not upon the premises of his employer. *Powers v. Lady's Funeral Home*, 306 N.C. 728, 295 S.E. 2d 473 (1982); *see also Felton v. Hospital Guild of Thomasville*, 57 N.C. App. 33, 291 S.E. 2d 158, *affirmed without precedential value*, 307 N.C. 121, 296 S.E. 2d 297 (1982). The employee so injured is entitled to workers' compensation so long as he is performing duties of his

employer at the time. *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676 (1980).

The evidence before the Commission in the present case was not sufficient to support the finding that plaintiff went to purchase the paper for use in his employment. Rather, all the evidence showed was that plaintiff's errand was strictly personal and that the paper was to be used by the employees on their break time for personal reasons. The incidental benefits accruing to the employer—having available "lost and found" advertisements and having available old newsprint to use in animal cages—were not appreciable enough to make plaintiff's errand sufficiently work-related to justify compensation. The Commission erred in concluding that plaintiff's accident arose out of and in the course of his employment.

For the reason stated, the award of the Commission must be and is

Reversed.

Judges BECTON and EAGLES concur.