JAMES R. PITTMAN, EMPLOYEE, PLAINTIFF v. INTERNATIONAL PAPER COMPANY,
EMPLOYER, WAUSAU INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA98-341

(Filed 2 February 1999)

### 1. Workers' Compensation— functional capacity evaluation— injury arising out of and in course of employment

There was competent evidence that plaintiff was required to perform a functional capacity evaluation (FCE) before he returned to work and therefore any injury which resulted from the FCE arose out of and in the course of his employment.

### 2. Workers' Compensation— deposition—ex parte physician-plaintiff communication—no impropriety

The second deposition testimony by plaintiff's treating physician did not result from an improper ex parte communication and was properly considered by the Industrial Commission where the ex parte communication occurred between the physician and the plaintiff-patient and was conducted to support plaintiff's motion before the Commission to allow further depositions and the taking of additional evidence.

### 3. Workers' Compensation— credibility—reversal of hearing officer—explanation not required

The Industrial Commission does not have to give an explanation in reversing a Deputy Commissioner on credibility matters.

### 4. Workers' Compensation— deposition testimony not disregarded

The Industrial Commission did not erroneously disregard the first deposition testimony of plaintiff's treating physician where the Commission's findings indicate that it considered both of the physician's depositions, and although the Commission did not explicitly find that it rejected opinions expressed by the physician in his first deposition, its opinion and award clearly demonstrates that it accepted the physician's testimony in his second deposition and thereby rejected the contrary testimony in his first deposition.

Judge GREENE concurring.

Judge LEWIS dissenting.

PITTMAN v. INTERNATIONAL PAPER CO.

[132 N.C. App. 151 (1999)]

Appeal by defendants from opinion and award entered 26 September 1997 by the North Carolina Industrial Commission. Heard in the Court of Appeals 27 October 1998.

*Gillespie & Higgins, by James B. Gillespie, Jr., for plaintiff appellee.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Gregory M. Willis, for defendant appellants.*

HORTON, Judge.

Plaintiff alleged that a job-related injury occurred in March of 1993 and he filed a workers' compensation claim. This claim was denied by both the Deputy Commissioner and the Full Industrial Commission (Commission). Plaintiff then received medical treatment after the alleged March 1993 injury from Dr. James Markworth (Dr. Markworth), who performed surgery on plaintiff. Plaintiff experienced some relief but also continued to suffer from pain in his lower back and occasionally in his left leg.

On 27 July 1993, Dr. Markworth released plaintiff to return to work on 16 August 1993, with no specific instructions to refrain from any particular type of work. He did instruct plaintiff to be careful with body mechanics and lifting. Plaintiff went back to the workplace and reported to the company nurse, Hazel Harris (Ms. Harris). Ms. Harris arranged for plaintiff to be examined by a physician, Dr. John Cromer, Jr. (Dr. Cromer). Dr. Cromer examined plaintiff and recommended a functional capacity evaluation (FCE). Ms. Harris testified that she spoke with defendant-employer's workers' compensation supervisors who stated that plaintiff was not to return to work until he passed the FCE. On 18 August 1993, plaintiff performed the FCE where he was required to lift weights, among other things.

On 23 August 1993, plaintiff returned to work without restrictions, but several days later he complained to Ms. Harris about soreness in his lower back. This increased in severity and he saw Dr. Cromer who put plaintiff on light duty work. Plaintiff also saw Dr. Markworth who prescribed medication and continued plaintiff on light duty work. On 25 August 1993, plaintiff filed a workers' compensation claim alleging an injury from the FCE and defendants denied compensation.

In his first deposition in April of 1996, Dr. Markworth stated that it was his opinion that the activities at the FCE did not significantly

contribute to plaintiff's back problems. In late May of 1996, however, Dr. Markworth wrote plaintiff's attorney and stated that in speaking with plaintiff after the deposition, he gathered new information about plaintiff's symptoms and wished to change his conclusions based on this new information. The time for taking of depositions had expired on 2 June 1996. Plaintiff's counsel received the letter on 12 June 1996 and made a motion for additional time to take another deposition of Dr. Markworth. The Deputy Commissioner denied the motion. In order to make an offer of proof for the Commission and preserve an objection to the denial of the motion, plaintiff's attorney then questioned Dr. Markworth under oath in the presence of a court reporter on 23 July 1996. The court reporter then prepared a transcript of the proceeding. Defendants were neither notified of this proceeding nor represented at it.

The Commission subsequently allowed plaintiff to re-depose Dr. Markworth over the dissent of one Commissioner, who noted that:

> Plaintiff had more than ample opportunity, over seven months, to prepare the information he wanted to present to Dr. Markworth . . . .

> By allowing repeated depositions of doctors based upon the rephrasing of long known information, the majority [of the Full Commission] is needlessly prolonging litigation and encouraging attorneys to not be fully prepared for depositions.

Dr. Markworth then stated in his second deposition that the FCE *did* contribute to plaintiff's lower back problems. The Full Commission, again with one Commissioner dissenting, awarded plaintiff workers' compensation benefits.

On appeal defendants contend that: (I) the Commission erred in finding that the FCE arose out of or was in the course of plaintiff's employment; (II) the sworn statement taken from Dr. Markworth after his first deposition was an improper *ex parte* communication; (III) the Commission substituted its judgment for that of the Deputy Commissioner without an explanation for the substitution; and (IV) the Commission failed to consider Dr. Markworth's testimony from his first deposition on 24 April 1996.

I

In order to receive compensation under the North Carolina Workers' Compensation Act, an injury must arise out of and occur in

the course of the employee's employment. N.C. Gen. Stat. § 97-2(6) (Cum. Supp. 1997). "The term 'arising out of' refers to the origin of the injury or the causal connection of the injury to the employment, while the term 'in the course of' refers to the time, place and circumstances under which the injury occurred." *Schmoyer v. Church of Jesus Christ of Latter Day Saints*, 81 N.C. App. 140, 142, 343 S.E.2d 551, 552, *disc. review denied*, 318 N.C. 417, 349 S.E.2d 600 (1986).

This Court has held that an injury is compensable under workers' compensation if it is " ' "fairly traceable to the employment . . ." or if "any reasonable relationship to employment exists." ' " *White v. Battleground Veterinary Hosp.*, 62 N.C. App. 720, 723, 303 S.E.2d 547, 549 (citations omitted), *disc. review denied*, 309 N.C. 325, 307 S.E.2d 170 (1983). "Whether an injury arises out of and in the course of a claimant's employment is a mixed question of fact and law," and this Court's review is limited to whether the findings and conclusions of the Commission are supported by any competent evidence. *Creel v. Town of Dover*, 126 N.C. App. 547, 552, 486 S.E.2d 478, 481 (1997).

[1] Defendants argue that the FCE exam did not arise out of and during the course of plaintiff's employment because defendants did not order it and it was conducted upon the recommendation of Dr. Cromer, an independent physician who is not an employee of defendants. We disagree. In this case, there is ample evidence in the record to support the Commission's findings that "defendant-employer required plaintiff to undergo the functional capacity evaluation as an incident to his continuing employment . . . ."

There is evidence in the record which shows that plaintiff was not to be allowed to work until the FCE was completed. Indeed, Ms. Harris's notes state that the FCE would be conducted and agreed to by Dr. Markworth and Dr. Cromer before plaintiff would return to work. There was also evidence in the form of the testimony of Leneve Duncan, the therapist who conducted the FCE, that Ms. Harris asked her to perform the FCE "to see if [plaintiff] could return to work." When there "is an element of actual compulsion emanating from the employer, the work connection is beyond question." 2 Arthur Larson, *Larson's Workers' Compensation Law* § 27.32 (1997). In this case, there is competent evidence that plaintiff was required to perform the FCE before he returned to work and therefore any injury which resulted from it arose out of and during the course of employment.

## II

[2] Defendants next argue that the Commission erred in considering the second deposition testimony of Dr. Markworth because improper *ex parte* communications had occurred in obtaining the sworn statement which provided the basis for the second deposition. Specifically, defendants claim that Dr. Markworth changed his opinion in the second deposition because plaintiff and his attorney conducted an "*ex parte* lobbying campaign." We disagree.

This Court has previously held that the Commission erred when it considered deposition testimony of a plaintiff's treating doctor who had previously engaged in an *ex parte* conversation with the defendant's legal counsel. *Salaam v. N.C. Dept. of Transportation*, 122 N.C. App. 83, 88, 468 S.E.2d 536, 539 (1996), *disc. review improvidently allowed*, 345 N.C. 494, 480 S.E.2d 51 (1997). This holding was based on, among other things, considerations of protecting patient privacy, the confidential relationship between physician and patient and the "untenable position in which *ex parte* contacts place the nonparty treating physician . . . ." *Id.* at 87, 468 S.E.2d at 539.

The fact situation in the instant case is distinguishable from that of *Salaam*. Here, the party which conducted an *ex parte* communication with Dr. Markworth was the plaintiff-patient. The safeguards which were implemented in *Salaam* are not necessary in this case because it is plaintiff who conducted the *ex parte* communication with his own treating physician. Therefore, we decline to extend the rule prohibiting *ex parte* communications between a plaintiff's treating physician and the defense counsel to *ex parte* communications between a treating physician and the plaintiff-patient.

Moreover, *Salaam* is further distinguished from the present case because the *ex parte* communication between Dr. Markworth and plaintiff's attorney was specifically conducted to support plaintiff's motion before the Commission to allow further depositions and the taking of additional evidence.

N.C. Gen. Stat. § 97-85 allows the Commission to receive further evidence when reviewing a decision of the Deputy Commissioner, provided "good ground be shown therefor . . . ." N.C. Gen. Stat. § 97-85 (1991). The decision to receive additional evidence is within the sound discretion of the Commission, and will not be reversed on appeal unless the Commission manifestly abuses its discretion. *Keel v. H & V Inc.*, 107 N.C. App. 536, 542, 421 S.E.2d 362, 367 (1992).

Although defendants excepted and assigned error to the action of the Commission in receiving additional evidence, it was not argued in defendants' brief and is not, therefore, before us now. We do agree, however, with the reasoning of the dissenting Commissioner that in exercising its discretion to receive additional evidence, the Commission should consider all the circumstances of the case, including the delay involved in taking additional evidence, and should not encourage a lack of pre-deposition preparation by counsel or witnesses. This record does not show, however, that the Commission manifestly abused its discretion in allowing the additional evidence to be taken.

Accordingly, this assignment of error is overruled.

## III

[3] Appellant contends that the Commission erred because it substituted its judgment for that of the Deputy Commissioner without an explanation. We disagree. Our Supreme Court recently held in *Adams v. AVX Corporation*, 349 N.C. 676, 681, 509 S.E.2d 411, 413 (1998), that the Commission does not have to give an explanation in reversing the Deputy Commissioner on credibility matters because "[i]t is the Commission that ultimately determines credibility." Furthermore, in this case, there was no specific reversal by the Commission on the basis of credibility. Accordingly, this assignment of error is overruled.

## IV

The facts found by the Commission are conclusive upon appeal to this Court when they are supported by competent evidence, even when there is evidence to support contrary findings. *Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997). The Commission "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and may reject a witness' testimony entirely if warranted by disbelief of that witness." *Id.* However, even though the Commission may choose not to believe some evidence, it cannot "wholly disregard or ignore competent evidence" and must at least consider and evaluate all of the evidence before rejecting it. *Id.*

[4] In this case, defendants argue that the Commission disregarded the testimony of Dr. Markworth from his first deposition and thereby committed error. We disagree. In its opinion and award, the Commission indicates that it "reviewed the prior opinion and award based upon the record of the proceedings before Deputy

Commissioner Lawrence Shuping which also include[s] the additional depositions taken of Drs. Markworth and Grubbs." The findings of the Commission also indicate that it considered the various depositions of Dr. Markworth. Although the Commission did not explicitly find that it rejected the opinions expressed by Dr. Markworth in his first deposition, its opinion and award clearly demonstrates that it accepted the testimony given by Dr. Markworth in his second deposition, and thereby rejected the contrary testimony found in Dr. Markworth's first deposition. It is obvious that the Commission considered all the evidence before it and was not required to make an express finding that it did so.

The award of the Full Commission is affirmed.

Judge GREENE concurs with separate opinion.

Judge LEWIS dissents.

Judge GREENE concurring.

I fully concur with the majority opinion, but write separately to clarify the Commission's duty to make findings.

The Commission must make "definitive findings to determine the critical issues raised by the evidence," *Harrell v. Stevens & Co.*, 45 N.C. App. 197, 205, 262 S.E.2d 830, 835, *disc. review denied*, 300 N.C. 196, 269 S.E.2d 623 (1980), and in so doing, must indicate in its findings that it has "consider[ed] and evaluate[d]" the evidence with respect to the critical issues raised in the case, *Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 680-81, 486 S.E.2d 252, 254 (1997) (remanding where the Commission had made "no definitive findings to indicate that it [had] considered or weighed [a particular expert's] testimony"). "It is not, however, necessary that the . . . Commission make exhaustive findings as to each statement made by any given witness or make findings rejecting specific evidence that may be contrary to the evidence accepted by the . . . Commission." *Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 139, 502 S.E.2d 58, 62 (1998) (noting that "negative" findings are not required).

In this case, the Commission indicates that it "reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence Shuping which also include the additional depositions taken of Drs. Markworth and Grubbs." In addi-

tion, various findings throughout the Opinion and Award of the Commission indicate consideration of Dr. Markworth's opinion. It was not necessary for the Commission to make "negative" findings concerning Dr. Markworth's first deposition. By accepting the testimony in Dr. Markworth's second deposition as true, the Commission adequately demonstrates that it does not accept the contrary testimony given by Dr. Markworth in his first deposition.

Judge LEWIS dissenting.

I respectfully dissent from the majority opinion because I am disturbed by the Full Commission's handling of the depositions of Dr. Markworth. My two concerns are: first, with plaintiff's 1 August 1996 "Proffer of Evidence" and the "Testimony Under Oath of Dr. James W. Markworth" from 23 July 1996 that it contained; and second, with the Full Commission's decision to permit the taking of an additional deposition from Dr. Markworth after a legitimate one had been taken and the time allotted for this method of discovery had expired.

The majority addresses defendants' concerns over improper *ex parte* communications by distinguishing this case from *Salaam*, noting that the communication here was between the patient and his doctor. I agree that this Court should not attempt to prevent a patient from discussing his ongoing treatment with his doctor, and I would not disapprove if that were the only communication at issue. However, when the doctor wants to reduce these communications to statements used for testimony in court by presenting them to an attorney in a deposition format, Rule 605(d) of the Workers' Compensation Rules of the North Carolina Industrial Commission and Rule 30(b)(1) of the North Carolina Rules of Civil Procedure require that notice be given to the opposing party. No such notice was given here, and that made the "Examination Under Oath" an improper *ex parte* communication.

Plaintiff may have called the 23 July proceeding a mere "Examination Under Oath," using a phrase that appears nowhere in the text of North Carolina's Rules of Civil Procedure, Rules of Evidence, or Workers' Compensation Act, but it had every substantive appearance of being a deposition. Dr. Markworth answered questions posed by plaintiff's attorney out of court, and the session was taken down and transcribed by a court reporter who notarized the document. The lack of notice to or presence of the opposing party prevented this from being a deposition in form as well as substance. The

one-sided nature of the proceeding, which involved only plaintiff's attorney and doctor and of which the opposing party had no notice, made it an improper *ex parte* communication.

The majority, citing G.S. § 97-85 and *Keel*, states that this testimony could be taken in the Full Commission's discretion, and that the decision to do so will not be reversed on appeal absent a showing of manifest abuse of discretion by the Commission. The facts of this case present just such an abuse of discretion. While the decision to allow the taking of testimony may have otherwise been within the Commission's discretion, the manner in which the testimony used to support plaintiff's motion was actually taken violated the plain language of the Commission's own Rule 605(d) requiring notice to the opposing party. The inherent contradiction in such a decision is nothing short of a manifest abuse of discretion.

Commissioner Sellers, in her dissent to the Full Commission's 19 May 1997 order permitting the taking of another deposition from Dr. Markworth, stated that in addition to the procedural problems noted above, "[p]laintiff had more than ample opportunity, over seven months, to prepare the information he wanted to present to Dr. Markworth," whom he then sought to re-depose. This was not newly discovered evidence, but a witness's desire to make a complete change in testimony after the time for depositions to be taken had expired. As Commissioner Sellers stated, "[b]y allowing repeated depositions of doctors based upon the rephrasing of long known information, the majority [of the Full Commission] is needlessly prolonging litigation and encouraging attorneys to not be fully prepared for depositions." Like Commissioner Sellers, I would not treat a clear deadline in such a flexible manner, as it gives the appearance of exceptional efforts to reverse a result.

Defendants filed an exception to the 19 May order and, in the record on appeal, assigned error on this point. It was, however, not argued in defendants' brief and could technically be deemed abandoned under Rule 28(b)(5) of the Rules of Appellate Procedure. In light of the egregious nature of the Industrial Commission's decisions regarding Dr. Markworth's repeated depositions, I would utilize Rule 2 of the Rules of Appellate Procedure "[t]o prevent manifest injustice to" defendants and consider this claim. Because I remain concerned by the use of what amounted to an improper deposition to continue the chance to take yet another deposition after the time for doing so had expired, and because I do not wish our holding in this case to encourage similar limitless elasticity in the future, I would vacate the

decision of the Full Commission and remand the case for an analysis of only that evidence which met the deadlines clearly in place.