It is the duty of the Industrial Commission to make findings of fact and conclusions of law to determine the issues raised by the evidence in a case before it. Cannady v. Gold Kist, 43 N.C. App. 482, 483 (1979). Specific findings covering the crucial questions of fact upon which a plaintiff's right to compensation depends are required . . . and the importance of this responsibility cannot be overstated. Id.
In the case before us, the Deputy Commissioner's Opinion and Award failed to make any specific findings of fact as to plaintiff's claim that his injury arose out of and in the course of his employment with the defendant. The Deputy Commissioner summarily entered a finding of fact that plaintiff's knee injury was a consequence of bumping his knee on a car bumper at home while playing with his daughter, despite competent evidence of record establishing that the plaintiff had slipped on a graveled, inclined exit at the defendant-employers building earlier that day. Ignoring such evidence, the Deputy Commissioner concluded as a matter of law that the plaintiff did not sustain an injury by accident arising out of and in the course of his employment with the defendant.
The plaintiff has appealed such error to this Commission and yet the majority in this case has committed the same error in failing to enter any specific findings in regard to the plaintiff's claim that he sustained an injury at work. Thus, this Commission has failed in its duty to make specific findings of fact and resulting conclusions of law to determine the issues raised by the evidence in a case before it. Perhaps the majority is merely deferring to the Deputy Commissioner's findings, or lack thereof, in regard to the issue of credibility. However, such idle deference flies in the face of the North Carolina Supreme Court's ruling in Adams v. AVX Corp., 509 S.E.2d 411, 413
(1998), which held that N.C. Gen. Stat. § 97.85 places the ultimate fact finding function with the Commission and not the hearing officer.Id. (emphasis added). It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Id.
Furthermore, while the Commission's duty is to weigh and evaluate the evidence in a case so as to determine the truth in a matter before it, it is well-settled under North Carolina law that the Commission may not wholly disregard or ignore competent evidence. Pittman v. InternationalPaper Co., 132 N.C. App. 151, 156 (1999); Lineback v. Wake County Boardof Commissioners, 126 N.C. App. 678, 680 (1997); Weaver v. American Nat'lCan Corp., 123 N.C. App. 507, 509; Harrell v. J.P. Stevens Co.,Inc., 45 N.C. App. 197, 205 (1980). The majority in this case has entered no findings of fact as to the plaintiff's credibility or the credibility of the evidence indicating that the plaintiff sustained an injury at work. Rather, the commission has chosen to silently ignore such evidence.
There is competent evidence of record to establish that the plaintiff in this matter sustained an injury by accident in February 1999, arising out of and in the course of his employment; however, the majority has chosen to ignore such evidence without providing any findings of fact as to why such evidence is not credible or should be disregarded. As the ultimate finder of fact, the majority has ignored its duty to make specific findings covering the crucial questions of fact upon which the plaintiff's right to compensation depends. For these reasons, I must respectfully dissent from the majority Opinion and Award.
On Friday, February 4, 1999, Mr. Hadnot was leaving the GE building. The particular exit he was using was on an incline and there was gravel. While exiting and walking to his car, Mr. Hadnot slipped and fell. Upon falling, Mr. Hadnot heard his left knee pop. Mr. Hadnot drove home. As he was pulling into his driveway his daughter ran outside. She came running toward him as he was at the back of his truck. Mr. Hadnot then bumped his left knee against the bumper, causing additional pain.
The following day Mr. Hadnot called his supervisor, Jim Hollier, and left a message on his answering machine regarding the accident he had while leaving work the previous day. Mr. Hadnot then went to New Hanover Medical Group for treatment of his left knee injury. Mr. Hadnot was seen by Stanley Weiss, a physician's assistant. Mr. Hadnot was diagnosed with traumatic effusion of the left knee. Mr. Weiss advised Mr. Hadnot to rest, elevate his knee and use crutches for ambulation. Mr. Hadnot was also given medications, including Percocet.
Upon returning to work Mr. Hadnot again notified his employer of the accident and completed a written accident report. (T. pp. 10 and 11) Mr. Hadnot was referred by his employer to Occupational Health Services at Cape Fear Memorial Hospital.
Deputy Commissioner Garner and the majority relied on one sentence in the medical records of Physician Assistant Stanley Weiss in finding that plaintiff's knee injury occurred at home rather than at work as plaintiff testified. Plaintiff did not dispute that he hit his knee at home while playing with his daughter; nor did he dispute that he told Stanley Weiss this information. However, plaintiff testified that this event occurred after he fell at work injuring his knee prior to arriving at his home.
Plaintiff's testimony regarding his accident at work is consistent and is corroborated by other evidence in this case. First of all, Mr. Hadnot testified that he worked from 6 a.m. until 6 p.m. The medical report from Mr. Weiss contains information that is given to a nurse. This information states that Mr. Hadnot injured his knee at 6 p.m. This information supports plaintiff's allegation that he was injured while leaving work. Second, plaintiff completed an accident report on February 7, 1999, just three days after his accident. This accident report states that he fell while leaving work. Third, plaintiff's description of his accident to the doctor at Occupational Health Services is also consistent with the description of the accident he gave at the hearing of this matter. With the exception of the one sentence contained in Mr. Weiss' note of February 5, 1999, all of the evidence in this case supports Mr. Hadnot's credibility regarding how his accident and injury occurred.
Deputy Commissioner Garner and the majority completely ignored all of the evidence that supports plaintiff's credible testimony regarding his accident occurring at work. Neither the Deputy Commissioner's nor the majority's Opinion and Award ever mentions any of the supporting evidence, or reconciles the decision in light of this supporting evidence. In not considering all of the evidence before it and discussing the weight given to each piece of evidence, the majority committed error.
This 24th day of September 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER