LEVINSON, Judge.
 

 Plaintiff (Daniel Pomeroy) appeals from an opinion and award of the North Carolina Industrial Commission (the "Commission") finding that he is not entitled to compensation for medical treatment rendered by Drs. Jalal Sadrieh, M.D., and Vincent Sportelli, D.C., and denying his motion for attorney's fees. We affirm. On 14 June 1994, plaintiff, while working as a foreman for Tanner Masonry, suffered an injury by accident arising out of and in the course of employment when he fell six to eight feet from a scaffold and landed on a bolt. The bolt penetrated his lower back. Plaintiff was taken to Lake Norman Regional Medical Center, where Dr. Marcus Wever performed surgery on plaintiff's back. During the surgery, the puncture wound to plaintiff's back was fully explored, irrigated, cleaned of debris and closed. On 15 June 1994, Dr. William A. Kutner, an orthopaedic surgeon, examined plaintiff and found no obvious fractures associated with plaintiff's injuries.
 

 Following his discharge from the hospital, plaintiff was examined by Dr. Wever in an outpatient clinic on several occasions. On 17 August 1994, after plaintiff's final follow-up appointment, he was released to return to work the following week with no restrictions or permanent partial impairment indicated. Dr. Wever opined that plaintiff had reached maximum medical improvement and indicated that plaintiff would "be seen in follow-up on an as-needed basis." Following his injury, plaintiff also received physical therapy for his back. On 26 August 1994, plaintiff's physical therapist instructed him to return to work the following Monday with no restrictions or permanent partial impairment indicated.
 

 On 27 June 1994, defendants (Tanner Masonry and USF&G Insurance) entered into a settlement agreement with plaintiff. The parties agreed that plaintiff sustained an injury by accidentarising out of and in the course of his employment on 14 June 1994, for which plaintiff would receive compensation for temporary total disability and payment of his injury-related medical treatment. The Commission approved this agreement on 5 August 1994.
 

 On 29 August 1994, plaintiff returned to work for Tanner at full duty without restrictions. In December 1994, plaintiff stopped working for Tanner, moved to New York, and began working as a mason for H & R Masonry, where he worked for approximately one year. Plaintiff was also employed in New York by Yancey Conant Masonry (Yancey), where he worked as a mason for four or five months. According to plaintiff, he had to stop working for both H & R Masonry and Yancey Conant Masonry due to continuing back problems.
 

 On 10 January 1996, plaintiff was examined in New York by Dr. Jalal Sadrieh, an orthopaedic surgeon. Dr. Sadrieh ordered an x-ray of plaintiff's lumbar spine, which showed that plaintiff's bony structures and disc spaces were normal and revealed no evidence of foreign material. Dr. Sadrieh was given an oral history of plaintiff's back problems, but did not review any records from plaintiff's treatment for his compensable back injury in North Carolina. Dr. Sadrieh diagnosed plaintiff with "acute and subacute low back sprain with sciatica and possible disc herniation." Dr. Sadrieh referred plaintiff to physical therapy and recommended that he undergo an MRI. Plaintiff saw Dr. Sadrieh again on 19 February 1996, but neither went to physical therapy nor had an MRIperformed, because defendants refused to authorize this medical treatment.
 

 From 21 February through 4 October 1996, plaintiff was under the care of Dr. Vincent Sportelli, a chiropractor. In his deposition testimony, Dr. Sportelli opined that plaintiff had a sixty-five percent (65%) permanent partial disability to the pelvic girdle causally related to the injury suffered by plaintiff on 14 June 1994. However, the record shows that Dr. Sportelli's opinion was based solely on the history provided by plaintiff and the plaintiff's condition at the time Dr. Sportelli examined him. Dr. Sportelli had no access to the records from plaintiff's 14 June 1994 back injury and his subsequent treatment in North Carolina. As a result, Dr. Sportelli was under the impression that plaintiff's earlier back injury was caused by a fifteen to twenty foot fall, while the records from North Carolina indicate that plaintiff fell six to eight feet. Defendants refused to authorize insurance coverage for plaintiff's treatment by Dr. Sportelli, and plaintiff filed a claim for additional disability compensation and further medical treatment.
 

 On 19 December 2000, the Full Commission entered an opinion and award in which it denied plaintiff's claim for additional disability benefits but ordered defendants to "pay for plaintiff's reasonably necessary medical treatment related to his compensable injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability." The 19 December 2000 opinion and award did not order defendants to pay forany specific medical treatment, and it did not specify whether defendants were to pay for the treatment rendered by Drs. Sadrieh and Sportelli.
 

 On 9 January 2001, plaintiff filed a motion for reconsideration with the Commission in which he requested an order directing defendants to pay for the medical treatment provided to plaintiff by Drs. Sadrieh and Sportelli. Plaintiff also requested an award of attorney's fees pursuant to N.C.G.S. § 97-88.1. On 26 January 2001, defendants filed notice of appeal from the Commission's 19 December 2000 opinion and award. On 19 February 2001, the Commission entered an opinion and award concluding that it lacked jurisdiction to rule on plaintiff's motions because an appeal to this Court had been taken. On 21 February 2001, plaintiff filed notice of appeal from both the 19 December 2000 and 19 February 2001 opinions and awards.
 

 In an opinion filed 2 July 2002, this Court affirmed the Commission's denial of plaintiff's claim for additional disability compensation, but remanded for further proceedings with respect to plaintiff's claim for additional medical compensation.
 
 Pomeroy v. Tanner Masonry I,
 

 151 N.C. App. 171
 
 , 184,
 
 565 S.E.2d 209
 
 , 218 (2002). Specifically, this Court ordered the Commission to "make findings based upon competent evidence relative to whether the treatment provided and prescribed by Dr. Sadrieh and Dr. Sportelli was required to effect a cure or give relief from the 14 June 1994 compensable injury or tended to lessen the period of disability caused by said compensable injury."
 
 Id.
 
 at 184,
 
 565 S.E.2d at 217
 
 . The Commission was also instructed to rule on plaintiff's motion for attorney's fees.
 
 Id.
 
 at 184,
 
 565 S.E.2d at 218
 
 .
 

 On remand, the Full Commission entered an opinion and award, filed 19 March 2003, in which it denied plaintiff's claim for medical treatment rendered by Drs. Sadrieh and Spotelli and his motion for attorney's fees. The Commission made the following pertinent findings of fact:
 

 19. The treatment which plaintiff received in New York from Dr. Sadrieh and Chiropractor Sportelli was not related to plaintiff's June 14, 1994 accident and thus, did not effect a cure or give relief from the June 14, 1994 accident or tend to lessen the period of disability. . . .
 

 20. This workers' compensation action involved substantial questions of both law and fact and the defense of this action was reasonable.
 

 The Commission made the following pertinent conclusions of law:
 

 4. Giving plaintiff the benefit of a presumption that the treatment for back pain after January 1996 was directly related to his injury of June 14, 1994 . . ., the Full Commission finds that defendants have rebutted the presumption by substantial evidence that plaintiff's complaints on and after January 1996 were not related to his injury on June 14, 1994. . . .
 

 5. . . . [S]ince the treatment provided by Dr. Sadrieh and Chiropractor Sportelli was not related to his June 14, 1994 accident, defendants are not obligated to pay for such treatment.
 

 6. Since defendants' defense of this claim was reasonable, plaintiff is not entitled to recover attorney's fees. . . .
 

 (citations omitted).
 

 From the 19 March 2003 opinion and award, plaintiff appeals to this Court, contending (1) the Commission erred in failing todetermine that the medical treatment rendered to plaintiff by Drs. Sadrieh and Sportelli was related to the compensable injury of 14 June 1994, and (2) the Commission erred in failing to assess attorney's fees against defendants. For the reasons that follow, we conclude that these contentions are without merit.
 

 Our review of the Commission's opinion and award "is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law."
 
 Goff v. Foster Forbes Glass Div.,
 

 140 N.C. App. 130
 
 , 132-33,
 
 535 S.E.2d 602
 
 , 604 (2000). "`The facts found by the Commission are conclusive upon appeal to this Court when they are supported by competent evidence, even when there is evidence to support contrary findings.'"
 
 Carroll v. Town of Ayden,
 

 160 N.C. App. 637
 
 , 641,
 
 586 S.E.2d 822
 
 , 825-26 (2003) (quoting
 
 Pittman v. Int'l Paper Co.,
 

 132 N.C. App. 151
 
 , 156,
 
 510 S.E.2d 705
 
 , 709 (1999)). "`This Court is `not at liberty to reweigh the evidence and to set aside the findings . . . simply because other . . . conclusions might have been reached.'"
 

 Id.
 

 (quoting
 
 Baker v. Sanford,
 

 120 N.C. App. 783
 
 , 787,
 
 463 S.E.2d 559
 
 , 562 (1995)). "[T]he full Commission is the sole judge of the weight and credibility of the evidence. . . ."
 
 Deese v. Champion Int'l Corp.,
 

 352 N.C. 109
 
 , 116,
 
 530 S.E.2d 549
 
 , 553 (2000). This Court reviews the Commission's conclusions of law
 
 de novo. Griggs v. Eastern Omni Constructors,
 

 158 N.C. App. 480
 
 , 483,
 
 581 S.E.2d 138
 
 , 141 (2003). With these principles in mind, we first address plaintiff's argument that the Commission erred in finding that the treatment rendered to plaintiff by Drs. Sadrieh and Sportelli was not causally related to the compensable injury of 14 June 1994. We conclude that the challenged finding is supported by competent evidence in the record and must be sustained.
 

 An employee's "medical compensation" arising from a compensable injury "shall be provided by the employer." N.C.G.S. § 97-25 (2003). "The term `medical compensation' means medical, surgical, hospital, nursing, and rehabilitative services, and medicines, sick travel, and other treatment, including medical and surgical supplies, as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability. . . ." N.C.G.S. § 97-2(19) (2003). In the previous appeal of this case, we instructed the Commission to apply the following presumption in determining whether the challenged treatment was causally related to plaintiff's compensable injury: "[w]hen additional medical treatment is required, there is a rebuttable presumption that it is directly related to the original compensable injury and the employer has the burden of producing evidence showing the treatment is not directly related to the compensable injury."
 
 Pomeroy I,
 

 151 N.C. App. at 182
 
 ,
 
 565 S.E.2d at
 
 216 (citing
 
 Reinninger v. Prestige Fabricators, Inc.,
 

 136 N.C. App. 255
 
 , 259,
 
 523 S.E.2d 720
 
 , 723 (1999)). In the instant case, the evidence before the Commission tended to show the following: Dr. Wever, the surgeon who treated plaintiff immediately after his injury of 14 June 1994, released plaintiff to return to work in August 1994 with no restrictions and no permanent partial impairment indicated, and was of the opinion that plaintiff had reached maximum medical improvement. On 29 August 1994, plaintiff returned to full-duty at Tanner Masonry with no restrictions. Beginning in late 1994 or early 1995, plaintiff worked as a mason for approximately one year in New York. When plaintiff subsequently became unemployed and sought unemployment compensation in New York, he certified that he did not have any medical condition that would hinder his return to work. An x-ray taken by Dr. Sadrieh revealed no evidence of foreign material in plaintiff's back and indicated that plaintiff's bony structures and disc spaces were normal. Though Dr. Sadreih testified that plaintiff's compensable injury of 14 June 1994 caused the problems for which he treated plaintiff, Dr. Sadrieh did not review plaintiff's medical records respecting treatment for the 14 June 1994 injury, and the oral history provided to Dr. Sadrieh by plaintiff was found by the Commission to be inaccurate. Likewise, though Dr. Sportelli testified that plaintiff's compensable injury of 14 June 1994 caused the problems for which he treated plaintiff, the Commission found that Dr. Sportelli had been misinformed as to the length of the fall which caused plaintiff's compensable injury.
 

 Thus, there was competent record evidence that plaintiff had fully recovered from his compensable injury of 14 June 1994, andthere were reasons to doubt the testimony of Drs. Sadreih and Sportelli, wherein they opined that a nexus existed between plaintiff's compensable injury and the treatment they provided.
 
 See Russell v. Lowes Product Distribution,
 

 108 N.C. App. 762
 
 , 765,
 
 425 S.E.2d 454
 
 , 457 (1993) (The Commission "may reject entirely the testimony of a witness if warranted by disbelief of the witness."). As such, the Commission did not err in finding that the presumption that plaintiff's medical treatment was related to his compensable injury had been rebutted and that the medical treatment provided by Drs. Sadrieh and Sportelli was not causally related to plaintiff's compensable injury. This assignment of error is overruled.
 

 We next address plaintiff's argument that the Commission erred in declining to assess attorney's fees against defendants. This contention is without merit.
 

 "If the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C.G.S. § 97-88.1 (2003). The decision whether to award attorney's fees pursuant to G.S. § 97-88.1 is consigned to the Commission's discretion.
 
 Taylor v. J.P. Stevens Co.,
 

 307 N.C. 392
 
 , 398,
 
 298 S.E.2d 681
 
 , 685 (1983). Therefore, this Court reviews the Commission's award or denial of attorney's fees for an abuse ofdiscretion.
 
 Robinson v. J. P. Stevens,
 

 57 N.C. App. 619
 
 , 628,
 
 292 S.E.2d 144
 
 , 149 (1982).
 

 We discern no abuse of discretion in the Commission's denial of attorney's fees in the instant case. This assignment of error is overruled.
 

 Affirmed.
 

 Judges WYNN and CALABRIA concur.
 

 Report per Rule 30(e).